IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TIMOTHY HUNTER,

Plaintiff,

v.

DUTCH GOLD RESOURCES, INC., a Nevada Corporation

Defendant.

Case No. 1:11-cv-01450-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge

This matter comes before the court on plaintiff's motions for entry of default (#25) and for attorney fees (#23). For the reason set forth below, plaintiff's motions should be denied.

**I.   Plaintiff's Motion for Entry of Default**

Plaintiff's motion is procedurally improper. Although the motion (#25) is titled as a motion for entry of default, the plain language of the motion demonstrates that it is in fact a motion for entry of default judgment. (*See* Pl's Mot. Entry of Default, Dckt. #25, pp. 1 ("Pursuant to FRCP 55, Plaintiff moves the court for a judgment of default against Defendant.")). Plaintiff has not sought and cannot obtain a clerk's entry of default, therefore, his motion for entry of default judgment is procedurally improper and must be denied.

Federal Rule of Civil Procedure ("Rule") 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> "(a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> > **(1) By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment...."

FED. R. CIV. P. 55(a)-(b).

As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See* Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord* Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); *see also* Norman v. Small, No. 09cv2235 WQH, 2010 WL 5173683, at *2 (S.D.Cal. Dec.14, 2010) (unpublished) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Cramer v. Target Corp., No. 1:08–cv–01693–OWW–SKO, 2010 WL 2898996, at *1 (E.D.Cal. July 22, 2010) (unpublished) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho

1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied."), *aff'd*, 3 Fed. Appx. 656 (9th Cir. 2001), *cert. denied*, 534 U.S. 1083, 122 S.Ct. 818 (2002).

Here, plaintiff has not requested or obtained entry of default from the Clerk of Court upon a showing by affidavit or otherwise that defendant has failed to plead or otherwise defend the claims brought against it; nor could he, as defendant has appeared in this case. Accordingly, plaintiff's motion for default judgment should be denied because that motion is not properly before the court.

## II. Plaintiff's Motion for Attorney Fees

Plaintiff moves to recover his attorney fees pursuant to ORS § 652.200. That statute provides that in an action for the collection of wages, such as this case, "the court shall, upon entering judgment for the plaintiff, include in the judgment . . . a reasonable sum for attorney fees at trial and on appeal for prosecuting the action . . ." OR. REV. STAT. § 652.200(b). As described above, plaintiff's motion entry of judgment in this case is procedurally improper and must be denied. Accordingly, plaintiff's motion for attorney fees is likewise not properly before the court and must be denied.

## RECOMMENDATION

For the reasons stated above, plaintiff's motions for entry of default judgment (#25) and for attorney fees (#23) should be DENIED.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by April 30, 2012. If objections are filed, any response to the objections is due by May 17, 2012.*** See FED. R. CIV. P. 72, 6.

DATED this _____ day of April, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge