IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TIMOTHY HUNTER,

    Plaintiff,

v.

DUTCH GOLD RESOURCES, INC., a Nevada Corporation

    Defendant.

Case No. 1:11-cv-01450-CL

**ORDER**

CLARKE, Magistrate Judge

On April 12, 2012, this court issued a Report and Recommendation (#27) addressing plaintiff's motions for entry of default (#25) and attorney fees (#23). However, the parties in this case have consented (#17) to jurisdiction by a Magistrate Judge. Therefore, the Report and Recommendation (#27) was entered in error, and is hereby stricken from the record and replaced by this Order. For the reason set forth below, plaintiff's motions are denied.

**I.    Plaintiff's Motion for Entry of Default**

Plaintiff's motion is procedurally improper. Although the motion (#25) is titled as a motion for entry of default, the plain language of the motion demonstrates that it is in fact a

motion for entry of default judgment. (*See* Pl's Mot. Entry of Default, Dckt. #25, pp. 1 ("Pursuant to FRCP 55, Plaintiff moves the court for a judgment of default against Defendant.")). Plaintiff has not sought and cannot obtain a clerk's entry of default, therefore, his motion for entry of default judgment is procedurally improper and must be denied.

Federal Rule of Civil Procedure ("Rule") 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> "(a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment**.
>
> > **(1) By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment...."

FED. R. CIV. P. 55(a)-(b).

As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See* Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord* Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a

//

two-step process for obtaining a default judgment); *see also* Norman v. Small, No. 09cv2235 WQH, 2010 WL 5173683, at *2 (S.D.Cal. Dec.14, 2010) (unpublished) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Cramer v. Target Corp., No. 1:08–cv–01693–OWW–SKO, 2010 WL 2898996, at *1 (E.D.Cal. July 22, 2010) (unpublished) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied."), *aff'd*, 3 Fed. Appx. 656 (9th Cir. 2001), *cert. denied*, 534 U.S. 1083, 122 S.Ct. 818 (2002).

Here, plaintiff has not requested or obtained entry of default from the Clerk of Court upon a showing by affidavit or otherwise that defendant has failed to plead or otherwise defend the claims brought against it; nor could he, as defendant has appeared in this case. Accordingly, plaintiff's motion for default judgment must be denied because that motion is not properly before the court.

## II. Plaintiff's Motion for Attorney Fees

Plaintiff moves to recover his attorney fees pursuant to ORS § 652.200. That statute provides that in an action for the collection of wages, such as this case, "the court shall, upon entering judgment for the plaintiff, include in the judgment . . . a reasonable sum for attorney fees at trial and on appeal for prosecuting the action . . ." OR. REV. STAT. § 652.200(b). As described above, plaintiff's motion entry of judgment in this case is procedurally improper and

//

//

must be denied. Accordingly, plaintiff's motion for attorney fees is likewise not properly before the court and must be denied.

## CONCLUSION

For the reasons stated above, plaintiff's motions for entry of default judgment (#25) and for attorney fees (#23) are DENIED. The Report and Recommendation (#27) which was filed in error is hereby stricken from the record and replaced by this Order.

IT IS SO ORDERED.

DATED this 13 day of April, 2012.

MARK D. CLARKE
United States Magistrate Judge